UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT J. LEWIS, | No. 2:14-cv-1227 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the ALJ failed to properly evaluate medical opinion evidence and plaintiff's testimony. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In June of 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 8,

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

1998.  (Transcript ("Tr.") at 10, 143-51.)  Plaintiff's application was denied initially, (id. at 74-83), and upon reconsideration.  (Id. at 89-93.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on July 31, 2012.  (Id. at 25-50.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 25-26.)  In a decision issued on September 7, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 20.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since June 29, 2011, the protectively filed application date (20 CFR 416.971 et seq.).
>
> 2.  The claimant has the following severe impairments: schizophrenia (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember and carry out simple job tasks; he can maintain concentration, persistence and pace for simple job task (sic) and can interact appropriately with supervisors and co-workers but only occasionally interact with the public.
>
> 5.  The claimant has no past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on January 24, 1990 and was 21 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform  (20 CFR 416.969 and 416.969(a)).

////

////

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since June 29, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 12-19.)

On March 18, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's September 7, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 19, 2014. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

////

////

3

> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts the following two principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ's treatment of plaintiff's subjective testimony constituted error.  (Pl.'s MSJ (ECF No. 16) at 12-22.[2])

### I.     **Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

### A. Dr. Matthew Swenson

Here, plaintiff first challenges the ALJ's rejection of the opinion of Dr. Matthew Swenson, plaintiff's treating physician. (Pl.'s MSJ (ECF No. 16) at 13-16.) In this regard, on June 23, 2011, Dr. Swenson opined that plaintiff "clearly meets criteria for schizophrenia," and that Dr. Swenson supported plaintiff's "plans to file for SSI." (Tr. at 371.) The ALJ rejected Dr. Swenson's opinion, noting that he failed to provide an opinion as to plaintiff's functional abilities, that the determination of disability is an issue reserved for the Commissioner, and that Dr. Swenson's opinion was contradicted by the stability achieved by plaintiff's medical treatment and by his daily activities. (Id. at 18.)

It is not clear that Dr. Swenson's notation that he supported plaintiff's application for benefits was necessarily a reflection that Dr. Swenson believed plaintiff to be disabled. Nonetheless, "'[t]he administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so.'" Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (quoting Montijo v. Sec'y of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984)); see also Lester, 81 F.3d at 830. In this regard, the court finds the ALJ's reliance on Dr. Swenson's failure to provide an opinion as to plaintiff's functional abilities to be a clear and convincing reason for rejecting Dr. Swenson's opinion.

////

**B. Dr. Troy Ewing**

Plaintiff also challenges the ALJ's treatment of the opinion of Dr. Troy Ewing. (Pl.'s MSJ (ECF No. 16) at 17.) Dr. Ewing examined plaintiff on December 13, 2010. (Tr. at 318.) The ALJ recounted Dr. Ewing's examination and opinion, affording most of the opinion "great weight." (Id. at 17.) However, the ALJ purported to afford only "good weight" to Dr. Ewing's opinion that plaintiff was moderately to "notably" impaired in his ability to interact appropriately with supervisors, co-workers and the public. (Id.)

In this regard, the ALJ stated:

> The finding that the claimant is notably impaired in interacting appropriately with supervisors, co-workers and the public is challenged by the Sacramento County Mental Health record showing the claimant always displaying his usual cooperative, smiling manner, reporting and exhibiting no abnormalities of thought, demeanor, or actions, as well as notes, and testimony showing his rather ordinary interactions with friends and family, living calmly with others. However, given a history of some social problems, the undersigned concurs with the opinion that he faces moderate limitations in social functioning, and provides for occasional public contact in the residual functional capacity established.

(Id.)

Interacting with caregivers, family and friends, however, is not the same as interacting with supervisors and co-workers. Caregivers, family, and friends are much more likely to be accommodating of plaintiff's limitations and to adjust their expectations and demands to those limitations. And if those individuals are not accommodating, plaintiff could simply elect to avoid them. Supervisors and co-workers are not similarly avoidable, are likely to have greater expectations, and would require plaintiff to meet the demands of the work environment.

In this regard, the court finds that the ALJ failed to provide a specific and legitimate reason for rejecting this portion of Dr. Ewing's opinion. See generally Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014) ("improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace."); Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more

flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer.").

Accordingly, plaintiff is entitled to summary judgment on her claim that the ALJ's treatment of the medical opinion of Dr. Ewing constituted error.[3]

## II. Plaintiff's Testimony

Plaintiff also argues that the ALJ's treatment of plaintiff's testimony constituted error. (Pl.'s MSJ (ECF No. 16) at 20-22.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony

---

[3] Plaintiff also challenges the ALJ's treatment of the opinions of two nonexamining physicians. (Pl.'s MSJ (ECF No. 16) at 17-20.) However, in light of the ALJ's error with respect to the opinion of the examining physician, Dr. Ewing, the court need not address this issue. See generally Willis v. Callahan, 979 F.Supp. 1299, 1306-07 (D. Or. 1997) ("The opinion of a non-examining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician.").

undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity determination.  (Tr. at 15.)  In this regard, the ALJ stated:

> Overall, the undersigned is persuaded that, with prescribed treatment, the claimant's mental symptoms are controlled on medications which would allow him to meet the basic mental demands of unskilled work with limited public contact.  As the record hereafter reviewed will show, when on medications, his mental status examinations are generally within normal limits, he is pleasant, smiling, engaging, socially appropriate with speech clear, good eye contact, euthymic to good mood, full affect, thought processes and content –linear, with no paranoia, disorganization, insight and judgment good (sic).

(Id.)

Plaintiff testified, however, that even while medicated he had difficulty "understanding things," maintaining focus, following directions, and concentrating.  (Id. at 29, 32.)  Plaintiff also testified that his medications made him "sleep a lot."  (Id. at 42.)  The ALJ's finding, quoted above, that he found plaintiff's mental status examinations when medicated to be generally within normal limits and plaintiff to be pleasant and engaging with clear speech, eye contact, linear thought content and process, etc., does not address or discredit plaintiff's allegations that he had

difficulty with comprehension, understanding, following directions, etc.  Nor does it recognize that "improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace."  Garrison, 759 F.3d at 1017.

Moreover, plaintiff's allegations are supported by substantial evidence in this record.  In this regard, testing revealed that plaintiff had "mild memory impairments," "slight difficulty with sustained attention and mental tracking," and "overall borderline intellectual functioning."  (Id. at 321-22.)  A Social Security Interviewer noted that plaintiff "seemed to have a hard time understanding some of the basic concepts and questions," but "tried his best to answer questions."  (Id. at 167.)

Accordingly, the court finds that plaintiff is also entitled to summary judgment with respect to his claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand

the case to the agency.").

Here, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: March 9, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lewis1227.ord